IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

MR. ABRAHAM DJAMEN
4909 EARTHS BOUNTY DR.
BOWIE, MD 20720

 Plaintiff

vs.

LOWE'S HOME IMPROVEMENT, LLC
16301 HERITAGE BLVD.
BOWIE, MD 20716
Serve on:
CSC-LAWYERS INCORPORATING
SERVICE COMPANY
7 ST. PAUL STREET, SUITE 820
BALTIMORE MD 21202

Case No.: CAL22-23181

## COMPLAINT

(Negligence, Negligent Hiring/Training/Supervision, Agency)

### I. INTRODUCTION

Abraham Djamen, through counsel John T. Everett, and **CHASENBOSCOLO**, brings this cause of action against the Defendant Lowe's Home Improvement, LLC for damages resulting from the negligence in maintaining their property, in the negligent hiring, training, and supervision of their employees, and for the negligence of their agents.

### II. JURISDICTION AND VENUE

1. This Court's subject matter jurisdiction over this action is based on Md. Cts. & Jud. Proc. Code Ann. Section 1-501.

2. This Court's personal jurisdiction is based on Md. Cts. & Jud. Proc Code Ann. Section 6-102 and 6-103(b)(3).

**EXHIBIT A**

3. This Court's venue is based on Md. Cts. & Jud. Proc. Code Ann. Section 6-202(8) and 6-201).

### III. PARTIES

4. Plaintiff, Abraham Djamen, an adult male resident of Bowie in Prince George's County, Maryland.

5. Upon information and belief, Defendant Lowe's Home Improvement, LLC (hereinafter "Defendant Lowe's") owns and maintains the property where this incident occurred in Prince George's County in the State of Maryland.

### IV. STATEMENT OF FACTS

6. On or about April 21, 2021, Mr. Djamen was at Lowe's Home Improvement, LLC (hereinafter "The Premises") located at located at 16301 Heritage Blvd., Bowie, Maryland.

7. At the same date and place, at approximately 6:30 pm, Mr. Djamen was walking through the parking lot to his vehicle when he tripped over a wooden pallet in a parking space and fell injuring his right hand and right knee.

8. At that time, Defendant Lowe's owned, operated, managed and maintained the Premises.

9. At that time Defendant Lowe's was responsible for the maintenance of the Premises, which included inspecting, maintaining, repairing, replacing, and/or preventing any defects and hazards with the Premises.

10. At that time, Defendant Lowe's was responsible for the hiring, training, and supervision of all employees working at the Premises.

**EXHIBIT A**

11. At the time of the incident, it was the duty of Defendant Lowe's to regularly inspect the Premises for defects that presented risks to patrons, including wooden pallets in pedestrian areas.

12. At the time of the incident, it was the duty Defendant Lowe's to prevent, fix, and/or remove dangerous conditions on the Premises, including wooden pallets in pedestrian areas.

13. At the time of the incident, it was the duty of Defendant Lowe's to warn invitees about dangerous conditions on the Premises of which they were aware or had reason to be aware.

14. At the time of the incident, it was the duty of Defendant Lowe's to hire employees and/or contractors who were qualified to prevent, fix, and/or warn of dangerous conditions on the Premises.

15. At the time of the incident, it was the duty of Defendant Lowe's to train their employees and/or contractors to prevent, fix, and/or warn of dangerous conditions on the Premises.

16. At the time of the incident, it was the duty of Defendant Lowe's to supervise their employees and/or contractors to be sure they prevented, fixed, and/or warned patrons of dangerous conditions on the Premises.

17. Defendant Lowe's breached their duty when they chose to leave a wooden pallet in the parking lot where patrons and invitees regularly traverse.

18. Defendant Lowe's breached their duty when they chose not to maintain the Premises in a safe condition for patrons and invitees.

19. Defendant Lowe's breached their duty when they chose not to inspect the Premises for safety hazards or defects.

20. Defendant Lowe's breached their duty when they chose not to prevent, fix and/or remove dangerous conditions on the Premises.

**EXHIBIT A**

21. Defendant Lowe's breached their duty when they chose not to warn patrons and invitees about dangerous conditions of which Defendant Lowe's knew of or had reason to be aware of.

22. Defendant Lowe's breached their duty when they chose not to hire employees and/or contractors who were qualified to prevent, fix, and/or warn of dangerous conditions on the Premises.

23. Defendant Lowe's breached their duty when they chose not to train their employees and/or contractors to prevent, fix, and/or warn of dangerous conditions on the Premises.

24. Defendant Lowe's breached their duty when they chose not to supervise their employees and/or contractors to be sure that they prevent, fix, and/or warn of dangerous conditions on the Premises.

25. As a direct and proximate result of the conduct of Defendant Lowe's, Mr. Djamen sustained severe, permanent, and uncompensated harms and losses. These harms and losses include past, present, and future physical symptoms, including immobility and a diminished capacity to perform his activities of daily living and enjoy his daily life. These harms and losses caused Mr. Djamen to expend great sums of money for hospitals, physicians, and related care and treatment. Plaintiff endures and continues to struggle with mental and emotional harms and losses, including isolation, frustration, anxiety, fright, shock, and anguish.

26. Mr. Djamen neither contributed to the violation of the premises safety rules which caused this injury nor assumed the risk of the injuries sustained.

## COUNT I
(Negligence)

27. Plaintiff, Abraham Djamen, incorporates the allegations of paragraphs one through twenty-six above and, in addition, avers that Defendant Lowe's choice to not maintain its

**EXHIBIT A**

premises was not reasonably careful and constitutes negligence which harmed Plaintiff justifying an allowance of money damages against it.

## COUNT II
### (Negligent Hiring, Training, Supervision)

28. Plaintiff, Abraham Djamen, incorporates the allegations of paragraphs one through twenty-seven above and, in addition, avers that Defendant Lowe's violated the safety rules for hiring, training and supervising employees who maintain its premises and constitutes a failure to be reasonably careful justifying an allowance of money damages against it.

## COUNT III
### (Agency)

29. Plaintiff, Abraham Djamen, incorporates the allegations of paragraphs one through twenty-eight above and, in addition, avers that Defendant Lowe's is vicariously liable or its agents' choices, justifying an award of damages against it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment in his favor against Defendant Lowe's and that damages be allowed in an amount to exceed SEVENTY-FIVE THOUSAND ($75,000), plus interest from the date of the subject occurrence and costs of this suit together with such other and further relief as this Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented.

**EXHIBIT A**

Respectfully submitted,

**CHASEN**BOSCOLO

By: _____
John T. Everett
AIS# 1012140243
jeverett@chasenboscolo.com
7852 Walker Drive, Suite 300
Greenbelt, Maryland  20770
(301) 220-0050
(301) 474 1230 (fax)

**EXHIBIT A**