IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ABRAHAM DJAMEN, | * |
| Plaintiff, | * |
| v. | *   Civil No. TJS-22-2434 |
| LOWE'S HOME IMPROVEMENT, LLC, | * |
| Defendant. | * |

\* \* \* \* \* \*

**MEMORANDUM AND ORDER**

When a storeowner creates a dangerous condition on its property, it may be held liable for its customers' injuries. There is evidence that the defendant propped large wooden pallets up against a fence on a windy day. One of the pallets fell down and the plaintiff tripped over it. A jury could find that the defendant created a dangerous condition when it leaned wooden pallets up against the fence, and that the plaintiff was injured when he tripped over a fallen pallet. Summary judgment will be denied on the plaintiff's negligence claim and the case will proceed to trial.[1]

**I.     Introduction**

Plaintiff Abraham Djamen sued Defendant Lowe's Home Centers, LLC to recover for injuries he sustained from tripping over a wooden pallet in the parking lot of a Lowe's store in Bowie, Maryland. ECF Nos. 2 & 19. Mr. Djamen asserts four claims against Lowe's: negligence (Count I), negligent hiring, training, and supervision (Count II); and agency (Count III). ECF No. 19. The parties completed discovery and Defendant's Motion for Summary Judgment (ECF No.

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals if an appeal is filed. ECF Nos. 13 & 14.

37) is now ripe for decision. Having considered the parties' submissions (ECF Nos. 37, 38 & 42), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be denied.

## II. Defendant's Motion for Summary Judgment

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict for the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Yet the "mere existence of a scintilla of evidence in support of the [opposing party's] position" cannot defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from those facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest on the mere allegations or denials of its pleading but must cite "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and affirmatively show the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

**B.     Mr. Djamen's Injury at Lowe's**

The following facts are construed in the light most favorable to Mr. Djamen, the non-moving party. *Scott*, 550 U.S. at 378. Each spring, the Lowe's store in Bowie, Maryland constructs a garden center annex ("garden center") adjacent to the store's parking lot. Lowe's sells flowers, soil, mulch, and other outdoor products at the garden center. At the time of the incident in this case, the garden center was enclosed by a temporary divider constructed of different materials, including chain link fence, open shelving, and wooden poles supported by cinder blocks. The enclosure had openings to allow customers to enter and exit the garden center. Customers could park their cars in spaces in front of the garden center divider.

Lowe's uses wooden pallets to stock and replenish merchandise in the garden center. The pallets measure roughly 48 inches long by 52 inches wide, with a thickness of 3 inches. According to the corporate representative for Lowe's, once merchandise has been removed from a pallet in the garden center, the pallet must be removed from the floor because it may pose a tripping hazard. Lowe's employees are permitted to stand empty wooden pallets upright and lean them against the divider between the garden center and the parking lot. Employees typically stand pallets upright only until the equipment needed to move a pallet becomes available, when they are then moved somewhere else.[2] Lowe's believes that when pallets are standing upright, leaning against a fence, they are not a potential tripping hazard to customers.

On April 21, 2021, Kathleen Rupp visited the Bowie Lowe's. She arrived around 6:00 p.m., and parked her car in a space next to the garden center. It was a windy evening, and she noticed three wooden pallets leaning up against the garden center divider. Mr. Djamen arrived at the

---

[2] Lowe's employees use pallet jacks to move empty pallets. A pallet jack is like a manual forklift.

3

Lowe's store around 6:40 p.m. He parked his car next to the garden center, one spot away from Ms. Rupp's car. Mr. Djamen walked around the back of his car and into Lowe's. He did not notice any wooden pallets around his car. He left the store around 7:00 p.m., and walked between the garden center divider and the adjacent row of parked cars to get back to his car. Just as he approached the front passenger side of his car, he tripped over a wooden pallet lying on the ground. Ms. Rupp heard Mr. Djamen yell and rushed over to find him on the ground bleeding. She noticed a pallet lying on the ground beside him and two pallets leaning against the divider. Mr. Djamen was injured.

### C. Negligence in Maryland

To prevail on a claim of negligence in Maryland,[3] a plaintiff must prove the following elements: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Valentine v. On Target, Inc.*, 353 Md. 544, 549 (1999) (internal quotation marks omitted). As a preliminary matter, "no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636 (1994).

"An occupier of land has a duty to use reasonable and ordinary care to keep the premises safe for an invitee and to protect him from injury caused by the unreasonable risk that the invitee,

---

[3] Because this case is before the Court on the basis of diversity, the Court applies the substantive law and choice of law rules of the state in which it sits. *See State Farm Fire & Cas. Co. v. Huguely*, 432 F. Supp. 3d 587, 591 (D. Md. 2020) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Maryland adheres to the *lex loci delicti* rule to determine the applicable law in tort actions. *Philip Morris, Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Because the incident occurred in Maryland, Maryland law applies.

by exercising ordinary care for his own safety, will not discover."[4] *Henley v. Prince George's County*, 305 Md. 320, 339 (1986). Stated differently, a landowner possesses a duty to an invitee "to exercise ordinary care to keep the premises in a reasonably safe condition and will be liable for injuries sustained in consequence of a failure to do so." *Maans v. Giant of Maryland, LLC*, 161 Md. App. 620, 627 (2005) (quoting *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 117 (1955)). Accordingly, "[t]he duties of a business invitor . . . include the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388 (1997); *see also Duncan-Bogley v. United States*, 356 F. Supp. 3d 529, 538 (D. Md. 2018) ("The duty owed to an invitee is to use reasonable and ordinary care to keep the premises safe for the invitee and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own safety, will not discover.") (quoting *Casper v. Charles F. Smith & Son, Inc.*, 316 Md. 573, 582 (1989)).

A landowner is not an insurer of an invitee's safety while on its property. *Moulden v. Greenbelt Consumer Services, Inc.*, 239 Md. 229, 232 (1965). If a customer is injured in a store, "[t]he burden is upon the customer to show that the proprietor . . . had actual or constructive knowledge that the dangerous condition existed," and that "that knowledge was gained in sufficient time to give the owner the opportunity to remove [the danger] or warn the invitee." *Rehn v. Westfield Am.*, 153 Md. App. 586, 593 (2003) (internal quotation omitted). "What will amount

---

[4] The standard of care that the owner or occupier of land owes depends on the status of the person who enters the property. *Rowley v. Mayor & City Council of Baltimore*, 305 Md. 456, 464 (1986). "An invitee is one invited or permitted to enter or remain on another's property for purposes connected with or related to the owner's business." *Bramble v. Thompson*, 264 Md. 518, 521 (1972). The parties do not dispute that Mr. Djamen was a business invitee of Lowe's.

5

to sufficient time . . . involves consideration of the nature of the danger, the number of persons likely to be affected by it, the diligence required to discover or prevent it, opportunities and means of knowledge, the foresight which a person of ordinary care and prudence would be expected to exercise under the circumstances, and the foreseeable consequences of the conditions." *Rehn*, 153 Md. App. at 593 (citing *Deering Woods Condo Ass'n v. Spoon*, 377 Md. 250, 264 (2003)) (internal quotation marks omitted).

### D. A Reasonable Jury Could Find That Lowe's Was Negligent

Construing the undisputed facts in the light most favorable to Mr. Djamen, a reasonable jury could find that Lowe's was negligent. Lowe's admits that its store policy requires employees to move empty pallets off the floor so that customers do not trip over them. When a pallet jack is unavailable, employees stand pallets up on their sides or lean them against the garden center divider. A reasonable jury, drawing on common sense and everyday experience, could conclude that Lowe's negligently stored empty wooden pallets against the garden center divider—an area frequented by customers walking to and from their vehicles—in a way that left them susceptible to being toppled by wind. The jury could find that when Lowe's propped the pallets against the garden center divider on a windy day, it created a dangerous condition for customers. And the jury could find that Mr. Djamen was injured when he tripped over a wind-toppled pallet. The jury could make all these findings without engaging in conjecture or speculation; jurors would only need to believe the testimony of Mr. Djamen, Ms. Rupp, and the corporate representative for Lowe's.

Contrary to the argument that Lowe's presents in its reply brief, this ruling is not tantamount to imposing strict liability on storeowners. *See* ECF No. 42 at 6. Under Maryland law, storeowners may be held liable for dangerous conditions that they create. In a retail setting, a condition is dangerous when it threatens the safety of customers. A reasonable jury could find that

when Lowe's leaned a wooden pallet—an object with a large surface area and a narrow base when standing on its side—against the garden center divider on a windy day, it created a danger because the pallet was likely to be toppled by the wind and become a tripping hazard. Defendant's "pickle jar" example is a useful illustration, but only if the hypothetical is changed. *See* ECF No. 42 at 6. If a retailer displays glass jars of pickles on a shelf, the retailer does not create a dangerous condition just because a customer might knock a jar onto the floor and create a slippery surface. But if a retailer precariously balances pickle jars halfway over the edge of a shelf, in a way that makes them vulnerable to falling and shattering due to the vibrations of customer traffic, they create a dangerous condition. The same is true of Lowe's leaning the wooden pallets up against the divider in this case. A reasonable jury could find that because Lowe's created a dangerous condition, they are liable for Mr. Djamen's injuries.

### E. Mr. Djamen's Other Claims

In his response brief, Mr. Djamen withdrew his claim for negligent hiring, training, and supervision (Count III) and did not address Defendant's arguments about his agency claim (Count II). The Court understands Mr. Djamen's agency claim to be a theory of liability, not a separate claim. *See Stewart v. Bierman*, 859 F. Supp. 2d 754, 768 (D. Md. 2012) (explaining that "there is no separate cause of action for respondent superior; rather, it is a doctrine that imputes liability for a cause of action to a principal"). The Court will enter judgment in favor of Lowe's on Mr. Djamen's claims for agency and negligent hiring, training, and supervision.

### III. Conclusion

For these reasons, the Motion for Summary Judgment (ECF No. 37) filed by Lowe's is **GRANTED IN PART** and **DENIED IN PART**. Summary judgment is entered in favor of Lowe's

on Mr. Djamen's claims for negligent hiring, training, and supervision (Count II); and agency (Count III). Otherwise, the Motion is denied.

Within 14 days of the date of this Memorandum and Order, the parties shall file a joint status report indicating whether they wish to (1) participate in another settlement conference with Judge Simms or (2) schedule the case for trial.

<u>August 19, 2024</u>                                                           <u>            /s/                        </u>
Date                                                                                  Timothy J. Sullivan
                                                                                         Chief United States Magistrate Judge